UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISON HELEN FAIRCHILD,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES HAN, et al.,<br><br>    Defendants. | Case No. 24-cv-06877-EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE**<br><br>Docket Nos. 11 and 29 |

## I.   INTRODUCTION

This is a case brought by Plaintiff Alison Helen Fairchild ("Plaintiff" or "Fairchild") against several defendants, including Defendant James Han ("Defendant" or "Han"), concerning incidents related to a short-term property rental in Riverside, California.  *See* Dkt. 1 at 9 (Compl. at ¶26).  Pending before the Court are Defendant James Han's two motions: (1) motion to dismiss; and (2) unopposed motion to transfer venue to the Central District of California.  For the following reasons, transfer under 28 U.S.C. § 1404(a) is appropriate.  Thus, the Court **GRANTS** Defendant's motion to transfer.

## II.   BACKGROUND

On October 30, 2019, Judge Jesus Bernal in the Central District of California held that Plaintiff and her partner Arogant Hollywood are vexatious litigants. Dkt. 29-4 at 10 (JSB Order Declaring Fairchild and Hollywood Vexatious Litigants).  Under his October 2019 order, Ms. Fairchild and Mr. Hollywood are "barred from filing [in the Central District of California] unless" they 1) "concurrently submit…a copy of [the order finding them vexatious litigants] and a motion seeking leave to commence a new civil action," and 2) "a…Judge of this Court thereafter grants

1 such leave and directs that the pleading be filed and the new civil case be initiated." *Id.* at 11.

2 On January 27, 2025, Judge Chi Soo Kim in the Eastern District of California transferred a case brought by Mr. Hollywood against Defendant James Han's wife Yingchun Chen and others for the same incidents at issue in the instant litigation to the Central District of California under 28 U.S.C. § 1406(a). Dkt. 29-4 (CSK Order Transferring Mr. Hollywood's Case to CDCA).

### III.   LEGAL STANDARD

Under Section 1404(a), a court may transfer a case to another district where it might have been brought. Section 1404(a) recites:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). "Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Mainstay Bus. Sols. v. Indus. Staffing Servs.*, 2012 WL 44643, at *1 (E.D. Cal. Jan 9, 2012) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964)). A court considering a motion to transfer venue must determine whether venue is proper in this district; whether plaintiff could have brought the action in the transferee district; and whether the transfer will promote convenience and fairness. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Hoffman v. Bilaski*, 363 U.S. 335, 343–44 (1960); *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1189–90 (S.D. Cal. 2007). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc.*, 487 U.S. at 29 (quoting *Van Dusen*, 376 U.S. at 622).

### IV.   DISCUSSION

The parties do not dispute that Plaintiff could have brought this action in the Central District of California. Thus, the question is whether the factors of convenience and fairness favor transfer. They do.

When determining whether the factors of convenience and fairness favor transfer, a court must engage in an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc.*, 487 U.S. at 29 (quoting *Van Dusen*, 376 U.S. at 622). Courts consider the

1  following factors: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience
2  of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the
3  applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the
4  controversy, and (8) the relative court congestion and time to trial in each forum. *See, e.g., Perez*
5  *v. Performance Food Grp., Inc.*, No. 15-cv-02390-HSG, 2017 WL 66874, at *2 (N.D. Cal. Jan. 6,
6  2017); *Brown v. Abercrombie & Fitch Co.*, No. 4:13-CV-05205 YGR, 2014 WL 715082, at *2
7  (N.D. Cal. Feb. 14, 2014); *Wilson v. Walgreen Co.*, No. C-11-2930 EMC, 2011 WL 4345079, at
8  *2 (N.D. Cal. Sept. 14, 2011).

9  Here, the following factors clearly favor transfer to the Central District of California:
10 convenience of the parties, convenience of the witnesses, ease of access to the evidence, and local
11 interest in the controversy. The property at which the relevant incidents took place is located at
12 541 Bruin Drive, Riverside, California 92507. Dkt. 1 at 9. Defendant resides at this address. Dkt.
13 31 at 22 (Excerpt of Defendant James Han's AirBnB messages to Mr. Hollywood stating that he
14 and his wife "had to sleep out of [their] own house during [Plaintiff and Mr. Hollywood's] stay"
15 due to their threats against his and his wife's "physical li[ves]"). Plaintiff is also "a resident
16 of…Riverside, California." Dkt. 1 at 8. Thus, the factors related to convenience, ease of access to
17 the evidence, and local interest in the controversy favor transfer to the Central District of
18 California, which includes Riverside.

19 Further, the factor regarding the feasibility of consolidation with other claims favors
20 transfer. As noted, Mr. Hollywood filed a complaint in the Eastern District of California against
21 Defendant Han's wife for the same incidents at issue here. On January 27, 2025, Judge Chi Soo
22 Kim transferred the case to the Central District of California under 28 U.S.C. § 1406(a). Dkt. 29-4
23 (CSK Order Transferring Mr. Hollywood's Case to CDCA). Thus, transferring the case to the
24 Central District of California would further enable consolidation with other related claims.

25 Finally, Plaintiff's choice of forum is entitled to no deference because 1) Plaintiff engaged
26 in forum shopping, and 2) the operative facts did not occur within the forum. Regarding the first
27 issue, Plaintiff is a vexatious litigant in the Central District of California. Dkt. 29-4 at 10 (JSB
28 Order Declaring Fairchild and Hollywood Vexatious Litigants). By filing in this District, Plaintiff

3

1    avoided Judge Bernal's order requiring that Plaintiff attach to any filing his order finding her a
2    vexatious litigant and seek leave to commence a new civil action. *Id.* at 11. Regarding the second
3    issue, as Judge Kim noted in her order, "the allegations against…individuals" in the Northern
4    District of California "are general" and "[i]t is clear that relevant witnesses and information related
5    to this case are all located in the Los Angeles and Riverside area." Dkt. 29-4 at 16. That is, the
6    operative facts occurred in the Central District of California. Thus, transfer to the Central District
7    of California is appropriate.

### V.  CONCLUSION

For the reasons above, the Court **GRANTS** Defendant's motion to transfer venue to the United States District Court for the Central District of California. Under 28 U.S.C. § 1404(a), the case and all pending motions are transferred there. The Clerk of the Court is directed to **CLOSE** this action.

**IT IS SO ORDERED**.

Dated: February 27, 2025

EDWARD M. CHEN
United States District Judge